IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02821-MSK-MEH

ARMSTRONG TRANSPORT GROUP, INC.,

    Plaintiff,

v.

TR TOPPERS, INC.,

    Defendant,

v.

ARMAN TRANSPORT, LLC,
USKO EXPRESS, INC., and
NEW LIFE LIMITED,

    Third-Party Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Third Party Defendant Arman Transport, L.L.C.'s Motion to Strike and Dismiss Third Party Complaint [filed December 21, 2012; docket #23]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the Motion has been referred to this Court for recommendation.[1]  (Docket #29.)  With the matter fully briefed, the Court determines that oral argument would not materially assist its adjudication of the Motion.  For the reasons set forth below,

---

[1] Though the Court observes cases in which magistrate judges have resolved such motions by order, *see e.g. Country Mut. Ins. Co. v. Rocky Mountain Constr. Co.*, 12-cv-00435-REB-KMT, 2013 WL 438940 (Feb. 5, 2013), in light of the potentially dispositive nature of the Motion, the Court believes a recommendation is more appropriate. *See Laborers Pension Trust Fund v. Interior Exterior Specialists Constr. Grp., Inc.*, 04-74514, 2006 WL 2161137, at *1 (E.D. Mich. July 28, 2006).

the Court RECOMMENDS that the Motion be **DENIED**.[2]

## BACKGROUND

Plaintiff Armstrong Transport Group, Inc. ("ATG") initiated this action for breach of contract against Defendant TR Toppers, Inc. ("TR Toppers") on October 24, 2012.[3] (Docket #1.) As set forth in the Complaint, TR Toppers contracted with ATG between August and September 2012 to arrange for the transportation of 24 shipments in interstate commerce. ATG maintains that it upheld its side of the bargain by making the appropriate shipping arrangements with federally licensed motor carriers. For each of the shipments, TR Toppers was the bill-to party and the party ultimately responsible for ATG's invoices. ATG invoiced TR Toppers in the total amount of $99,048.11 for its transportation charges. TR Toppers paid $10,825.69, leaving a debt of $88,222.42 outstanding. ATG filed this lawsuit to collect the remaining sum.

TR Toppers filed an Answer and Counterclaims on November 27, 2012, with considerably more detail regarding the underlying facts of this dispute. (Docket #10.) According to TR Toppers, ATG failed to select quality carriers, which resulted in several damaged shipments. TR Toppers provides three examples: (1) a May 11, 2012 shipment of berries that arrived above the specified

---

[2]Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[3]Jurisdiction is appropriate under 28 U.S.C. § 1332.

temperature; (2) an August 2, 2012 shipment of almond roca and cookies that arrived with no seal or lock; and (3) an August 16, 2012 shipment of berries that arrived with no seal or lock. Each shipping error rendered the products unusable. TR Toppers claims it provided timely notice of the problems to ATG and that ATG agreed to credit TR Toppers' account for the amount of damages caused by the improper shipments. Although ATG alleges it was a broker rather than a carrier, TR Toppers believes ATG is still bound by its agreement to credit TR Toppers' account. TR Toppers' counterclaims seek a declaration of rights and an award of damages arising from ATG's alleged negligence and breach of contract.

In addition to its counterclaims against ATG, TR Toppers timely filed a Third Party Complaint against several of the carriers with whom ATG contracted.[4] (Docket #11.) The Third Party Complaint alleges, *inter alia*, that Third-Party Defendant Arman Transport, LLC ("Arman") delivered the May 11, 2012 berry shipment above temperature, which rendered the berries unusable. TR Toppers contends that, to the extent it is liable to ATG for the unpaid invoices, Arman is liable to TR Toppers for the damaged shipment.

On December 21, 2012, Arman filed the pending Motion to strike and dismiss the Third Party Complaint. TR Toppers filed its response on January 14, 2013, and Arman filed a reply in support of its Motion on January 28, 2013. Neither the Plaintiff nor the remaining Third-Party Defendants elected to offer their positions on the relief sought.

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 14(a)(1), "[a] defending party may, as a third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." However, "[a]ny party may move to strike the third-party claim, to sever it, or to

---

[4]Because TR Toppers filed its Answer and Third Party Complaint contemporaneously, the Third Party Complaint is timely under Fed. R. Civ. P. 14(a)(1).

try it separately." Fed. R. Civ. P. 14(a)(4). The decision to permit third-party proceedings under Rule 14 "rests in the sound discretion of the trial court." *First Nat. Bank of Nocana v. Duncan Sav. & Loan*, 957 F.2d 775, 777 (10th Cir. 1992).

Rule 14 was formulated and adopted to further the general objectives of the Federal Rules of Civil Procedure by simplifying and expediting litigation. *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954). By its terms, Rule 14 was intended "to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *Id*. Accordingly, the Tenth Circuit has advised that "[t]he rule should be liberally construed to effectuate its intended purposes." *Id*; *cf. United States Fid. & Guaranty Co. v. Perkins*, 388 F.2d 771, 773 (10th Cir. 1968) ("Rule 14(a) should be liberally construed to accomplish its purpose but it is not a catchall for independent litigation.").

In evaluating whether to permit the third-party claims to go forward, the fact that the main claim and third-party claim "flow from the [same] background" is not determinative. *Perkins*, 388 F.3d at 773. However, uniformity of origin favors impleader. *See id*. On balance, "if impleading a third party defendant would require the trial of issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint. . ." *Id*. (citations and internal quotations omitted).

## ANALYSIS

At the outset, Arman asserts that the damage TR Toppers attributes to Arman amounts to only $14,168.60. (Docket #23 at 2 n.1.) Though it is clear that Arman is not liable for the full amount of the unpaid invoices, Arman disclaims even partial liability to TR Toppers. In particular, Arman contends that TR Toppers has neither alleged nor demonstrated that Arman was required to

indemnify TR Toppers with regard to ATG's invoices. Rather, Arman characterizes the property damage described in the Third Party Complaint is "independent" of ATG's claim for recovery under its invoices. Even if the Third Party Complaint passes muster under Fed. R. Civ. P. 14(a)(1), Arman asks the Court to discretionarily sever and dismiss TR Toppers' third-party claims in light of the comparatively small sum involved in the third-party controversy. In reviewing the Motion, the Court will address each argument in turn.

**I.      Propriety of Third Party Complaint Under Fed. R. Civ. P. 14(a)**

In response to Arman's arguments, TR Toppers contends that the viability of its claims against Arman depends on the outcome of ATG's claims against TR Toppers. Alternatively, TR Topppers seeks permissive joinder under Fed. R. Civ. P. 13(h) and 20. At a minimum, TR Toppers believes that its claims against Arman share a common nucleus of operative fact with the claims underlying the original action and that convenience is served by permitting its third-party claims to go forward. Because the Court finds that TR Toppers has satisfied the requirements of Fed. R. Civ. P. 14(a), it need not address whether joinder is proper under Rule 20.

As described above, TR Toppers' conflict with ATG arises from a series of unusable shipments ATG arranged on behalf of TR Toppers. Arman is allegedly responsible for one of those shipments. TR Toppers plausibly argues that if Arman had done its job, TR Toppers would have paid its invoices to ATG as planned. Because Arman failed to properly ship the goods, TR Toppers negotiated an account credit with ATG. ATG allegedly failed to honor this credit by pursuing the invoice amount through this lawsuit.

If ATG succeeds in extracting payment from TR Toppers for the allegedly unusable goods Arman shipped, TR Toppers will be damaged to the tune of $14,168.60. TR Toppers can seek to recover this amount from Arman, the entity which TR Toppers believes caused the harm. However,

if TR Toppers is not required to pay the invoice amount for Arman's May 11, 2012 berry shipment, TR Toppers will be precluded from pursuing claims against Arman because it will not have been damaged by Arman's conduct.  In this way, TR Toppers' claims against Arman are dependent on the claims between TR Toppers and ATG such that Arman may be liable to TR Toppers for at least part of ATG's claims against it.  *See* Fed. R. Civ. P. 14(a)(1).

Construing Rule 14 liberally, as it must, the Court finds that TR Toppers' Third Party Complaint properly asserts third-party claims against Arman.  TR Toppers' claims against Arman "flow from the same background" as those between TR Toppers and ATG.  Additionally, adjudicating the claims between ATG and TR Toppers will likely require an inquiry into the sufficiency of Arman's May 11, 2012 berry shipment.  Even if the factual foundation of TR Toppers' third-party claims presented different issues than those disputed in the underlying suit, Arman has not demonstrated that adjudicating TR Toppers' third-party claims would not "serve [] *any* convenience."  *See Perkins*, 388 F.3d at 773 (emphasis added).  Therefore, the Court recommends the District Court decline to strike TR Toppers' Third Party Complaint.

**II.     Discretionary Dismissal or Severance**

As the Court has already indicated, TR Toppers' third-party claims against Arman depend materially on the outcome of the claims ATG asserts against TR Toppers in this lawsuit. In a sense, then, it is not only convenient, but necessary to determine first the extent of the damage to TR Toppers before TR Toppers can pursue a claim against Arman.  Given the relatively low value of the amount at issue between TR Toppers and Arman, it makes little sense to require TR Toppers to file a separate action in pursuit of its damages as determined in this litigation. Because the Court finds that efficiency and economy are best served by adjudicating TR Toppers' third-party claims, the Court recommends that the District Court decline to sever or dismiss TR Toppers' claims as a

matter of discretion.

## **CONCLUSION**

For the reasons described above, the Court finds that TR Toppers' has satisfied the requirements of Fed. R. Civ. P. 14(a)(1) and that its third-party claims against Arman should proceed. Therefore, the Court RECOMMENDS that Third Party Defendant Arman Transport, L.L.C.'s Motion to Strike and Dismiss Third Party Complaint [filed December 21, 2012; docket #23] be **DENIED**.

Dated at Denver, Colorado, this 13th day of March, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge